# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

JAMES WATSON'S ADM'R *et al. vs.* SAMUEL PACK'S ADM'R *et al.*

### January Term, 1869.

The general assembly of Virginia passed an act authorizing W., who had qualified as administrator of J. W., in the State of New York, J. W. being a resident of that State, to bring suit in chancery for the appointment of a commissioner to collect balances due on land in Virginia, sold by J. W. in his lifetime, and to make deeds for the same, and to sell residue of lands belonging to J. W. Suit was brought and P. was appointed commissioner to collect balances, sell residue of lands and make deeds. Before he made final settlement of his proceedings under his commission, he departed this life, and W. filed another bill as administrator against P.'s administrator to have a settlement of his accounts as commissioner. The court below dismissed this latter bill on the ground that W. had never qualified as administrator in Virginia, and could not bring this latter suit. HELD:

    1. That the second bill was within the spirit of the act authorizing W. to bring suit to collect balances due on lands, to his decedent, and that he can maintain his suit under the same without qualifying as administrator in Virginia.

    2. That as the heirs of J. W. are entitled to receive proceeds of sales made after his death directly from the commissioner, they should be made parties to the suit and process should be served on them.

The opinion of the judge in this case contains a statement of all material facts.

*D. Lamb* for the appellants.
*James S. Wheat* for the appellees.

MAXWELL, J.　James R. Kent, of Virginia, and James T. Watson, of the State of New York, were, prior to the year 1844, the owners of a tract of about 80,000 acres of land, situated in the counties of Giles and Mercer. The said Watson having departed this life intestate James Wat-

son Williams was appointed by a New York court adminis-
trator upon his estate.

On the 15th day of February, 1844, an act was passed by
the general assembly of Virginia authorizing the said Kent,
with the said Williams as the administrator of the estate of
the said Watson, to file a bill in the circuit superior court
of law and chancery of Mercer county, against the heirs at
law of the said Watson and other proper persons, for the
purpose of having a commissioner appointed to collect the
proceeds of certain sales of the said lands made by John-
son, the agent of the said Kent and Watson, in the life time
of Watson, and also to convey the lands to the purchasers
thereof, on their payment of the purchase money.

The act also authorized the appointment of a commis-
sioner to sell the residue of the said lands if the court
thought proper.

The said Kent and Williams filed their bill in conformity
to the said act, and the court, on the 30th day of April,
1844, appointed Samuel Pack a commissioner for the pur-
pose of collecting the debts named in the act, and for the
purpose of making the titles to the purchases. The said
Pack executed his bond to the said Kent and Williams in
the penalty of 5,000 dollars, conditioned for the faithful dis-
charge of his duties as such commissioner, with Reuben F.
Watts, John McClaugherty and William G. Caperton his
sureties therein.

The court afterwards, by another order made in the said
cause, on the 3rd day of October, 1844, directed the said
Pack to sell and convey the remainder of the said tract of
land, whereupon he executed another bond to the said
Kent and Williams in the penalty of 2,000 dollars, condi-
tioned for the faithful discharge of the duties imposed by
the last named order.

Afterwards, in the year 1849, the said Kent and Williams
filed another bill in the same court, reciting in substance
the foregoing statement, and charging that the said Pack
departed this life in the month of July, 1848, intestate, and
that James M. Byrnside was duly appointed and qualified

as his administrator, and charging further that the said Pack had in his life time collected a considerable amount of money, both from sales made before he became commissioner and from sales made by himself as commissioner. The bill makes the administrator of Pack and sureties in the two bonds or their representatives and the heirs at law of the said Watson parties defendant, and prays that an account may be directed to ascertain and settle the account of moneys received and disbursed by said Pack as commissioner, and to report any balance or balances which may be due from him as such commissioner, discriminating between such collections as were made upon the sales made by Johnson and collections on sales made by himself.

When the cause came on to be heard the court dismissed the bill, and from the order dismissing the bill the case comes here by appeal.

The appellees claim that the bill was properly dismissed because Williams was never qualified in the State of Virginia as the administrator of the estate of Watson, without which he could not sue in the courts of the State. The act of February 15th, 1844, before referred to, specially enables Williams, as the administrator of Watson, to file his bill jointly with Kent for the purposes recited in the act. They filed their bill for the purposes specified in the act, and Pack was appointed a commissioner under the authority of the act, but before he had executed the duties of such commissioner he departed this life. And for the purpose of settling the accounts and closing the business of said commissioner the new bill was filed, and though not within the letter of the act it seems to me it is within the spirit of it, and that the suit may be maintained in the name of Williams without his qualification as administrator in Virginia. There is another ground on which, it seems to me, the right of Williams to bring the suit is clear, and that is the bonds are both made payable to him and Kent. He would be a necessary party either as a complainant or defendant. The appellees might justify the decree dismissing the bill on the ground that the heirs of Watson, although par-

ties to the bill, are not served with process nor in any other manner brought before the court. The heirs of Watson are necessary parties to the suit and no final decree could be entered until they are brought before the court. The cause ought to have been remanded to rules for the purpose of executing process by order of publication or otherwise against the heirs of Watson. According to the special act Williams, as the administrator of the estate of Watson, would only be entitled to receive Watson's interest in the sales made in his life time, and the heirs of Watson his interest in the sales made after his death. It seems to me the decree dismissing the bill will have to be reversed, with costs to the appellants, and the cause remanded to the circuit court of Mercer county, with directions to be remanded to rules there to be matured against the heirs of Watson.

The other judges concurred.

DECREE REVERSED.